UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY KONRATH,

                              Plaintiff,

v.                                              Case No. 16-CV-1492-JPS

JOHN WLODARSKI,

                              Defendant.               **ORDER**

      The plaintiff, who is incarcerated at the Westville Correctional Center in Westville, Indiana, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). On November 23, 2016, the plaintiff filed a motion for leave to proceed *in forma pauperis.* (Docket #5). For the reasons stated below, that motion must be denied.

      As part of the Prison Litigation Reform Act ("PLRA"), if a prisoner files more than three (3) actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Commonly known as the "three-strikes" provision, a prisoner is said to have struck out once he or she has accrued three dismissals under this section.

      Here, the Court finds that the plaintiff has already accrued at least three strikes and should, therefore, be prohibited from proceeding *in forma pauperis.* The plaintiff has filed over fifty federal actions prior to this one. It appears that at least eleven of these were dismissed as frivolous, malicious, or for failure to state a claim: (1) *Konrath v. DeSanctis*, Case No. 16-CV-518

(N.D. Ind.) (dismissed for failure to state a claim, Docket #26); (2) *Konrath v. Embrey*, Case No. 16-CV-519 (N.D. Ind.) (dismissed on screening with prejudice on the basis of prosecutorial immunity, Docket #7); (3) *Konrath v. Sands*, Case No. 16-CV-520 (N.D. Ind.) (dismissed on screening on the basis of prosecutorial immunity, Docket #7); (4) *Konrath v. State of Indiana*, Case No. 16-CV-536 (N.D. Ind.) (dismissed as frivolous, Docket #6); (5) *Konrath v. Huneryager*, Case No. 16-CV-667 (N.D. Ind.) (dismissed as malicious, Docket #4); (6) *Konrath v. Sands*, Case No. 16-CV-677 (N.D. Ind.) (dismissed as malicious, Docket #3); (7) *Konrath v. Miami County, Indiana*, Case No. 16-CV-678 (N.D. Ind.) (dismissed as malicious, Docket #3); (8) *Konrath v. Huneryager*, Case No. 16-CV-679 (N.D. Ind.) (dismissed as malicious, Docket #3); (9) *Konrath v. DeSanctis*, Case No. 16-CV-680 (N.D. Ind.) (dismissed as malicious, Docket #3); (10) *Konrath v. Hughes*, Case No. 16-CV-712 (N.D. Ind.) (dismissed as malicious, Docket #3); and (11) *Konrath v. Ruiz*, Case No. 16-CV-9539 (N.D. Ill.) (dismissing complaint on screening as time-barred, Docket #6), *see also* (Docket #10) (reiterating that Konrath's claims were "legally frivolous").

Having determined that the plaintiff has three strikes against him, the Court turns to the consideration of whether he meets the exception for "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Here, the plaintiff's complaint alleges that in the early 1990s, the defendant and others conspired to deny him a medical residency in Chicago which he desired. To risk stating the obvious, the complaint does not allege any current danger of physical injury. As such, the Court will deny the plaintiff's Motion to Proceed *in forma pauperis* (Docket #5). Accordingly, in order to proceed in this action, the plaintiff must prepay the $400.00 filing fee and all other applicable fees and costs related to this action.

Accordingly,

**IT IS ORDERED** that the plaintiff's Motion to Proceed *in forma pauperis* (Docket #5) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that the plaintiff must prepay the $400.00 filing fee in this action within **twenty-one (21) days** from the date of this Order. The Court cautions the plaintiff that the failure to pay the filing fee or otherwise respond to this Order will result in the dismissal of this action without prejudice and without further notice.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2016.

BY THE COURT:

s/ *J. P. Stadtmueller*
J.P. Stadtmueller
U.S. District Judge